UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Profit J. Finch, # 308703, | ) C/A No. 4:09-2265-MBS-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| McCormick Correctional Institution, | ) |
| Defendant. | ) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated at Wateree Correctional Institution, part of the South Carolina Department of Corrections' (SCDC) prison system. This is the third civil action that Plaintiff has filed in this Court since March 2007 based on allegations of personal injury due to the "criminal negligence" of some unknown and unnamed employee(s) and/or official(s) at either SCDC headquarters or McCormick Correctional Institution. As he did in his two previous cases, Civil Action Nos. 4:07-759-MBS; 4:09-0487-MBS, Plaintiff claims that he was forced by someone at either McCormick or SCDC to use a top bunk despite his having been recently seriously injured in an automobile accident.[2] He claims that he fell from the bunk and re-injured himself and that his continuing pain and suffering and disfigurement was caused by his being wrongfully forced to use the top bunk.

Plaintiff's two previous cases were summarily dismissed for lack of complete administrative

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

exhaustion and improper defendants, Civil Action No. 4:07-759-MBS, and lack of a properly sue-able defendant, Civil Action No. 4:09-0487-MBS. In the Report and Recommendations issued in both of these cases, Plaintiff was clearly informed that neither "McCormick Correctional Institution"nor "SCDC" are proper defendants in the type of federal claim that he sought to assert. *See* 42 U.S.C. § 1983.[3] Although he filed objections to the Reports and Recommendations, Plaintiff did not pursue an appeal from the result of either of his two previous cases. Unfortunately, in this case Plaintiff once again makes the fatal mistake of failing to name a properly sue-able defendant. As in Civil Action No. 4:09-487-MBS, and despite having been previously warned of the legal problem with doing so, Plaintiff names "McCormick Correctional Institution"as the sole defendant in this case.[4]

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following

---

[3] Plaintiff's claims for damages allegedly arising from conditions of his confinement within South Carolina state prisons are properly considered by this Court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[4] Review of this Court's records discloses that Plaintiff did name a person as one of his defendants in Civil Action No. 4:07-759-MBS: "NFN Riley." In his objections to the Report and Recommendation in that case, he requested that the case continue only as to this defendant; however, Judge Seymour was unable to grant that request due the other legal problem he had in that case: lack of complete administrative exhaustion. For some reason, although he subsequently completed the exhaustion process so as to remove that issue from his claims, "NFN Riley" was not named as a defendant in either Civil Action No. 4:09-0487-MBS or in this case.

precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Analysis

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party (such as Plaintiff) must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act

3

under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

The only defendant named in this case is "McCormick Correctional Institution," which is a prison, *i.e.*, a group of buildings or facilities. It is not a "person" who could be subjected to liability under § 1983 for violating Plaintiff's federal constitutional rights. Without a proper defendant in this case, this Court cannot address the merits of his claim of wrongdoing and resulting injury. Given his prior notice of the same problem with his previous filings, Plaintiff's continued failure to name a proper defendant in this third case renders his Complaint frivolous and subject to summary dismissal.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

In light of Plaintiff's failure to name a properly sue-able person as a defendant despite his having been placed on notice that he must do so in two previous cases, this case is substantially frivolous and 28 U.S.C. § 1915A(b)(1) is applicable. Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 30 , 2009
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).