# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Profit J. Finch, #308703 ) | Civil Action No. 4:09-2265-MBS |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| McCormick Correctional Institution ) | |
| Defendants. ) | |

Plaintiff Profit J. Finch ("Plaintiff") is an inmate in custody of the South Carolina Department of Corrections ("SCDC"). Defendant is currently housed at the Wateree Correctional Institution. Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges "criminal negligence" on the part of the State for arresting him and placing him on the top bunk despite the injuries he suffers from an automobile accident. Entry 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On September 30, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended this case be dismissed as frivolous due to Plaintiff's failure to name a proper party as a defendant, despite his having been placed on notice that he must do so in two previous cases. The Magistrate Judge recommended that this case be deemed a "strike" for purposes of the "three strikes" rule under 28 U.S.C. § 1915(g). Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation on October 8, 2009. Entry 11.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objection, Plaintiff states that "the reason why [he] didn't give any names of the Defendants at the time because [he] didn't know the names at that time. Plaintiff goes on to state that "the names of the defendants that [he] was in contact with in this case [are] . . . 1. Captain Bush 2. Lt. Pratt 3. Miss Riley and (4) Major Lewis." Entry 11, 1. Because Plaintiff has attempted to cure the defect upon which the Magistrate Judge based his recommendation that this case be dismissed, the court declines to adopt the Report and Recommendation. The matter is recommitted to the Magistrate Judge for further pretrial handling

**IT IS ORDERED**.

                                                s/Margaret B. Seymour
                                                United States District Judge

April 23, 2010
Columbia, South Carolina